UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BEL POWER SOLUTIONS INC., | NO.  2:23-mc-00008-JCC |
| Plaintiff, | **BEL POWER SOLUTIONS INC.'S MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA** |
| v. | |
| MONOLITHIC POWER SYSTEMS, INC., | NOTE ON MOTION CALENDAR: February 17, 2023 |
| Defendant. | |

## I.    INTRODUCTION

Bel Power Solutions Inc. ("Bel Power") respectfully seeks an order compelling third-party Microsoft Corporation ("Microsoft") to produce documents, information, and deposition testimony in response to a subpoena served on Microsoft on November 14, 2022 in an action pending in the Western District of Texas styled as *Bel Power Solutions Inc. v. Monolithic Power Systems, Inc.*, No. 6:21-cv-655-ADA (the "Texas Litigation").  Following unsuccessful conferrals and given fact discovery closes on the date of this filing (January 27, 2023), Bel Power is left with no choice to be make this motion to obtain the narrow discovery requested that it can only obtain from Microsoft.

The Texas Litigation is a patent infringement action concerning six U.S. patents owned by Bel Power (the "Patents-in-Suit"). The inventions claimed in the Patents-in-Suit are directed toward systems, methods, and articles of manufacture that provide a substantial improvement in

BEL POWER SOLUTIONS INC.'S MOTION TO COMPEL
COMPLIANCE WITH THIRD-PARTY SUBPOENA - 1
No.

power control for circuits. The Patents-in-Suit are universally respected and most of the significant module and semiconductor manufacturers have recognized the strength of the Patents-in-Suit and taken licenses.

At the heart of the Texas Litigation are Bel Power's allegations that Defendant Monolithic Power Systems, Inc. ("MPS") induces and/or contributes to direct infringement by its customers. MPS designs, manufactures, and supplies power module products, and works with manufacturers, known as "end customers," in the United States to incorporate MPS power module products into end-customer products that are sold, offered for sale, and/or imported into the United States. Publicly available information indicates that Microsoft is one such end customer of MPS and sells products in the United States that incorporate MPS power module products. Information related to Microsoft's purchase of MPS products, their incorporation into Microsoft products, and importation of those Microsoft products into the United States is central to Bel Power's indirect infringement claims and also necessary for its damages claim.

Bel Power has sought as much of this information as possible from MPS, but MPS has not provided and does not possess all relevant information regarding certain end customers such as Microsoft. The court in the Texas Litigation instructed Bel Power to obtain such information from third parties. Accordingly, on November 14, 2022, Bel Power served Microsoft with a subpoena seeking specific documents and deposition testimony relating to such information. Since then, Bel Power, in order to accommodate Microsoft, has considerably narrowed its requests and attempted to work with Microsoft in an effort to obtain its agreement to produce the information requested in satisfaction of subpoena. As of this filing, Microsoft has not so agreed.

There is no question the requested discovery is relevant and its scope is targeted and discrete. There is also no basis to believe that Microsoft does not possess the information; indeed, the subpoena was propounded upon a reasonable belief that it does based on discovery in the Texas Litigation. Moreover, Microsoft does not dispute that it is an end customer of MPS and does not represent that it does not have the information requested; indeed it cannot as it

BEL POWER SOLUTIONS INC.'S MOTION TO COMPEL
COMPLIANCE WITH THIRD-PARTY SUBPOENA - 2
No.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

acknowledges that it has not even looked to see whether it does. Nor has Microsoft proposed an alternative scope of production to address Bel Power's request or identified confidentiality or some similar restriction hampering its production to Bel Power.

Put simply, there is no legal or factual basis upon which Microsoft should not be ordered to produce the discovery requested and necessary to Bel Power's Texas Litigation. Bel Power respectfully requests that the court grant its motion and court enter the proposed order submitted herewith.

## II.    FACTUAL BACKGROUND

### A.    The Texas Litigation

Bel Power filed its Complaint against Monolithic Power Systems, Inc. ("MPS") in the Texas Litigation on June 23, 2021 alleging that MPS has committed acts of direct, induced, and contributory infringement against the six Patents-in-Suit: U.S. Patent Nos. 6,936,999, 6,949,916, 7,000,125, 7,049,798, 7,080,265, and 7,456,617. Ferenc Decl. at ¶ 2; Ex. A.[1]

The Patents-in-Suit are directed to improving distributed power control in integrated circuits. *Id.,* Ex. A at ¶ 30-31. The substantial technological improvements embodied by the claims of the Patents-in-Suit have been well recognized and subject to substantial industry praise and extensive licensing. *Id.* at ¶¶ 32-33. Certain claims of the Patents-in-Suit have been successfully litigated such that they were found infringed and valid by a jury, with that holding affirmed by the United States Court of Appeals for the Federal Circuit. *Id.* at ¶ 34; *Power-One Inc. v. Artesyn Technologies, Inc.*, 599 F.3d 1343 (Fed. Cir. 2010).

The Complaint alleges that MPS designs, tests, and manufactures power module products that infringe the claims of the Patents-in-Suit (collectively, the "Infringing Products"). *Id.* at ¶¶ 40-48. It is further alleged that, in order to sell its products, MPS works with end customers, like Microsoft, to design one or more of the Infringing Products into the end customer's devices. *Id.* at ¶ 11. MPS seeks "design wins"—decisions made by end customers to

[1] The Declaration of Christopher Ferenc and the Declaration of Michele L. Stephen have been filed contemporaneously herewith in support of the instant motion and are referred to herein as "Ferenc Decl." and "Stephen Decl.," respectively.

BEL POWER SOLUTIONS INC.'S MOTION TO COMPEL
COMPLIANCE WITH THIRD-PARTY SUBPOENA - 3
No.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

incorporate MPS products into end customer devices—in order to drive revenue through sales of the incorporated MPS products to end customers. Ferenc Decl. at ¶ 4; Ex. B at 17.

Since May 2022, Bel Power has pursued discovery from MPS of the identity of the MPS end customers who are located in the United States and from whom MPS has sought and obtained "design wins" for the Infringing Products. Ferenc Decl. at ¶ 5. MPS refused to provide this discovery stating that it lacks knowledge of whether a particular end customer does, in fact, incorporate an MPS product, despite MPS having achieved a "design win" with respect to that end customer. *Id.* The court in the Texas Litigation instructed Bel Power to seek this information from the third party end customers that incorporate the infringing MPS products into devices bound for the United States. *Id.* at 6; Ex. C at 5 ("[An MPS] third-party customer may import the product into the United States.  This act of importation may give rise to damages.  Plaintiff may seek discovery from these third parties who import these products.")

Bel Power accordingly served MPS end customers with Rule 45 subpoenas in mid-November 2022. Ferenc Decl, ¶ 8. Based on publicly available information, Microsoft is an end customer of MPS and sells products in the United States that incorporate MPS products. *Id.* Microsoft is thus one of the end customers that received such a subpoena. *Id.*

**B.    Microsoft and MPS**

Microsoft is a multinational technology company with headquarters located in this District at One Microsoft Way, Redmond, WA.  Microsoft sells numerous products and services in the computer software, consumer electronics, personal computing and cloud computing spaces, among others.

As noted, Microsoft is an end customer of MPS and sells products incorporating MPS products into the United States.  For example, MPS marketing materials tout the incorporation of several MPS products into Microsoft's Xbox Series X gaming console.  *See* https://www.monolithicpower.com/en/support/videos/inside-xbox-series-x-engineering-design-teardown-of-power-delivery-to-soc-gpu-cpu-and-memory.html (last accessed January 18, 2023).  Several million Microsoft Xbox Series X products have been sold in the United States.

BEL POWER SOLUTIONS INC.'S MOTION TO COMPEL
COMPLIANCE WITH THIRD-PARTY SUBPOENA - 4
No.

*See* https://www.onmsft.com/news/year-to-date-sales-numbers-suggest-xbox-may-be-catching-up-to-ps5/ (last accessed January 19, 2023).

## C.    Bel Power's Diligent Efforts to Obtain Relevant Discovery from Microsoft

Bel Power served its subpoena for testimony and the production of documents on Microsoft on November 14, 2022 (the "Subpoena"). Ferenc Decl., Ex. E.  The Subpoena requests eight categories of documents and sets forth nine deposition topics, and primarily seeks documents and information related to specifically identified MPS product families that Bel Power contends are MPS Infringing Products. *Id.* at 11-14; at 3 (¶ 7: "The MPS Accused Products include, but are not limited to the following [listing 17 product family prefixes]…"); *see also* Ferenc Decl., Ex. A at ¶ 41 (alleging the same 17 product families are infringing). It requested a deposition and document production within two weeks, on November 28, 2022. *Id.*

Shortly after being served, Microsoft requested a two-week extension to respond, until December 9, 2022.  Ferenc Decl. at ¶ 10. In response, on November 22, 2022, Bel Power's counsel in the Texas Litigation engaged in good faith in a telephonic meet and confer with Microsoft's counsel. *Id.* Counsel for the parties thereafter corresponded further about the scope of Bel Power's document requests, Bel Power's willingness to narrow the scope to resolve the subpoena and obtain at least a subset of relevant documents, and information demonstrating the relevance of the documents requested (which was provided to Microsoft's counsel). *Id.*

On December 2, 2022, Microsoft provided its formal response and objections to the subpoena, stating "objections and responses" to the eight requests for documents, all of which concluded with the statement: "Microsoft will not conduct a search in response to this request." Ferenc Decl, Ex. F. The objections were in essence boilerplate. To the extent there was specificity, the objections focused time period and relevance.  As to the latter, they stated a purported need to review Bel Power's infringement contentions and, specifically, that portion "that addresses Microsoft." *Id.* at, *e.g.*, 4.

BEL POWER SOLUTIONS INC.'S MOTION TO COMPEL
COMPLIANCE WITH THIRD-PARTY SUBPOENA - 5
No.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

Microsoft's December 2 letter did not provide specific objections or other comments on the deposition topics set forth in the Subpoena. It merely advised: "Microsoft requests a meet and confer to discuss the scope and necessity of the testimony." *Id.* at 1.

Thereafter, the parties continued the dialogue about the scope of Bel Power's request for documents. Ferenc at ¶ 12. Bel Power provided Microsoft with information on the infringement allegations against MPS and explained other facts demonstrating the relevance of and need for the information requested from Microsoft. *Id.* Bel Power undertook these efforts in a good faith effort to reach an agreed-upon scope of production and avoid having to seek court intervention. *Id.*

During this same period, Bel Power continued its efforts and exhausted all avenues to obtain this discovery from MPS, to the extent it possessed such documents. *Id.* at 14.

By January 20, 2023, Microsoft still had not agreed to make a document production. *Id.* at ¶ 13. In a final effort to avoid having to compel Microsoft's production of documents and testimony in response to the Subpoena, Bel Power held a further telephonic meet and confer with Microsoft on January 25, 2023. Stephen Decl. at ¶ 2. That afternoon, Bel Power provided the narrowed scope of documents requested, reiterated its narrowed request for a deposition not to exceed three hours, and specified a timeline for Microsoft's agreement and production driven by the court's recent order that fact discovery closes on January 27, 2023 and other case deadlines. *Id.* at ¶ 3; Ex. A; *see also* Ferenc Decl at ¶ 15 (Fact discovery in the Texas Litigation is set to close on January 27, 2023 and the matter is scheduled for a trial jury on May 30, 2023).

Bel Power advised Microsoft that it seeks, with respect to the following 17 MPS product families specifically called out in the Subpoena (mEZDPD1620A\AS, mEZDPD4506A\AS, MP5470, MP8796B, MP8843, MP8845, MP8854, MP8861, MP8869, MPM3695, MPM54304, MPM82504, MPQ8645P, MPQ8875A, MPQ8880, MPQ8883, MPQ8886), documents sufficient to show:

> (1) The quantity of MPS products from that list that Microsoft purchased since 2015, including the price paid for each product purchased;

BEL POWER SOLUTIONS INC.'S MOTION TO COMPEL
COMPLIANCE WITH THIRD-PARTY SUBPOENA - 6
No.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

(2) An identification of the Microsoft products that incorporate the MPS products purchased by Microsoft since 2015; and

(3) The number of Microsoft products identified in (2) that were sold and/or imported into the United States since 2015.

Stephen Decl. at Ex. A.[2]

On January 27, 2023, Bel Power and Microsoft conducted another telephonic meet and confer in an effort to reach agreement and avoid court intervention. Stephen Decl. at ¶ 4. Microsoft agreed it was an end customer of MPS and did not assert that the narrowed list nor any other aspect of Bel Power's narrowed scope was unreasonable. *Id.* Nor did it propose an alternative scope of production or represent that it did not have the information requested. *Id.* Rather, Microsoft acknowledged that it had not made efforts to search for the products at issue (despite those 17 product families being expressly identified in the Subpoena served last November). *Id.* It also requested evidence supporting Bel Power's belief that Microsoft had the requested documents and articulated, for the first time, how its search and production would be burdensome absent further information about Microsoft's products at issue. *Id.*

Despite have already narrowed its request to 17, Bel Power made one last effort and narrowed further to three product families, those having the prefix: MP8796B, MP8869, or MPM3695; it also provided information on some of the Microsoft products at issue. *Id.*, Ex. A.

Given fact discovery closing on January 27, 2023 and Microsoft's refusal to agree to the significantly narrowed scope, Bel Power had no choice but to file this motion. *Id.*, ¶ 5; Ex. A.

**D.    Certification Pursuant to LCR 37(a)(1)**

Pursuant to Local Civil Rule 37(a)(1), Bel Power has in good faith conferred with Microsoft in an effort to resolve this dispute without court action.  These communications include the above-described telephone conferences on November 22, 2022, January 25, 2023, and January 27, 2023; and email communications occurring between November 22, 2022 and January 27, 2023, more detail on which is included in the Ferenc and Stephen declarations.  *See*

---

[2] Bel Power's proposed order limits production beginning June 23, 2015 (six years before the Complaint was filed) consistent with the Texas Litigation court's prior discovery orders. *See e.g.,* Stephen Decl., ¶ 7; Ex. D at 3.

BEL POWER SOLUTIONS INC.'S MOTION TO COMPEL
COMPLIANCE WITH THIRD-PARTY SUBPOENA - 7
No.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

Ferenc Decl. at ¶¶ 10, 12-14; Stephen ¶¶ 2-6 and Ex. A. The participants to these conferences and communications included Mr. Ferenc and Ms. Stephen on Bel Power's behalf, and Mr. Daniel Fielder and Mr. Ben Byer of Davis Wright Tremaine LLP as lead on Microsoft's behalf.

### III.    ARGUMENT

Despite Bel Power's extensive efforts to obtain a narrow subset of information from Microsoft, the clear relevance and need for this discovery from Microsoft, and the fact that Microsoft has not stated it does not have the information, substantiated a burden argument to search for it, nor proposed an alternative scope to reduce any purported burden, Microsoft has refused to agree to produce the requested discovery. Moreover, the Subpoena was necessitated by the fact that Bel Power has exhausted means to obtain the requested discovery from MPS in the Texas Litigation (to the extent it has it). Indeed, the court in the Texas Litigation has instructed Bel Power to obtain the requested discovery from third-party end customers of MPS like Microsoft. For all of these reasons, Bel Power respectfully requests that this Court enforce the Subpoena, as modified and narrowed, and order Microsoft's production of the requested discovery as set forth in the proposed order submitted herewith.

**A.    The Information Sought from Microsoft Is Relevant to Indirect Infringement Committed by MPS**

Federal Rule of Civil Procedure 45 governs the process of seeking discovery from third parties by subpoena. Fed. R. Civ. P. 45. The Rule permits a party to seek from a third party production of documents and testimony by deposition. Fed. R. Civ. P. 45(a)(1)(A). "[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules." Fed. R. Civ. P. 45, advisory committee notes (1970). Pursuant to Fed. R. Civ. P. 34—the rule governing the production of documents between parties—the proper scope is that specified in Fed. R. Civ. P. 26. Fed. R. Civ. P. 34(a); *Smith v. Legacy Partners, Inc.*, No. 2:21-cv-00629-JHC-BAT, 2022 U.S. Dist. LEXIS 73365, at *9 (W.D. Wash. Apr. 21, 2022) ("The relevance of a Rule 45 subpoena is to be determined according [to] the standard of Fed. R. Civ. P. 26.") Fed. R. Civ. P. 26 generally permits discovery regarding "any nonprivileged

BEL POWER SOLUTIONS INC.'S MOTION TO COMPEL
COMPLIANCE WITH THIRD-PARTY SUBPOENA - 8
No.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

The patent laws in this country make clear that "[w]hoever actively induces infringement of a patent shall be liable as an infringer."  35 U.S.C. § 271(b). To prove its induced infringement claims, Bel Power must present evidence showing that (1) a third party directly infringed its patents, (2) MPS induced those infringing acts, and (3) MPS knew the acts it induced would constitute infringement.  *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1332 (Fed. Cir. 2016).

The information Bel Power seeks from Microsoft is unequivocally relevant to each of these issues. The anticipated evidence would allow Bel Power to establish underlying direct infringement resulting from the sale, offer for sale, and/or importation of Microsoft products containing MPS Infringing Products in the United States. The volumes, prices, and other information sought is further relevant to Bel Power's claim for damages against MPS.

Microsoft does not dispute that it purchases MPS products. Nor does Microsoft challenge that MPS products have been incorporated into Microsoft products that were sold, offered for sale, and/or imported into the United States. The Xbox Series X is a prime example of a Microsoft product that incorporates the MPS products at issue and is imported, sold, and offered for sale in the United States. Microsoft also cannot dispute that, if a Microsoft product that incorporates an MPS Infringing Product is imported, sold, or offered for sale in the United States, such importation, sale, or offer for sale would be an act of direct infringement.  As such, Microsoft cannot credibly dispute that the information sought by Bel Power—the products in three MPS product families (each alleged to be MPS Infringing Products) purchased by Microsoft, the Microsoft products that incorporate those MPS products, and the quantity of

BEL POWER SOLUTIONS INC.'S MOTION TO COMPEL
COMPLIANCE WITH THIRD-PARTY SUBPOENA - 9
No.

Microsoft products imported, sold, or offered for sale in the US—is directly relevant to Bel Power's inducement claims.

Instead, Microsoft appears to contend that Bel Power must first present it with evidence to prove its theories of infringement, and details on Microsoft's role therein, before Microsoft is required to even look for, let alone produce, relevant discovery. This is an erroneous interpretation of discoverable information under Fed. R. Civ. P. 26. *E.g.*, *Smith*, 2022 U.S. Dist. LEXIS 73365, at *9 (stating in context of Rule 45 subpoena that "[r]elevancy should be construed liberally and with common sense and discovery should be allowed unless the information sought has no conceivable bearing on the case") (quoting *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995)) (internal quotation marks and citations omitted). Bel Power is entitled to pursue any potentially relevant discovery in order to seek proof of the allegations in its well-pleaded complaint. *Bush v. Pioneer Human Servs.*, No. C09-518 RSM, 2010 U.S. Dist. LEXIS 156239, at *4 (W.D. Wash. Jan. 8, 2010) ("Discovery under the Federal Rules is broad, encompassing all potentially relevant information …."). Microsoft misconstrues Bel Power's burden and its production obligation.

Bel Power has advised Microsoft that it seeks information from Microsoft regarding MPS products that Bel Power reasonably believes infringe the Patents-in-Suit, based on diligent review of non-public discovery it obtained from MPS. And, such information is potentially, if not certainly, relevant. Denying the requested discovery on the basis that Bel Power must first establish its theories and Microsoft's involvement therein would unreasonably restrict the scope of permissible discovery under Rule 26. Microsoft should be compelled to produce the information requested consistent with its obligations under Rules 45 and 26.

**B.    Microsoft Is the Necessary Source of the Information Bel Power Seeks**

Evidence of the underlying direct infringement to support Bel Power's inducement claims, and the magnitude of activity to support a damages calculation, is appropriate to seek from Microsoft and indeed necessitated here. While Bel Power diligently sought as much of the pertinent information as possible from MPS in the Texas Litigation—including identification of

BEL POWER SOLUTIONS INC.'S MOTION TO COMPEL
COMPLIANCE WITH THIRD-PARTY SUBPOENA - 10
No.

end customers, MPS products that have "design wins" with such customers, and quantities of MPS products sold for incorporation into end customer products—the court in that action has instructed Bel Power to seek information directly from third parties, including Microsoft, because MPS asserts that it does not possess all relevant information regarding certain end customers such as Microsoft. For example, Microsoft is in the best position to identify which of its products incorporate MPS Infringing Products, the number of MPS Infringing Products purchased (which may have been purchased indirectly from MPS distributors), and the volume of importation and sales of such products into and in the United States.

As established above, the information is not only relevant, it is also material to Bel Power's infringement claims. As important, Microsoft does not dispute that it purchases products from MPS. Accordingly, it is appropriate and necessary for Bel Power to seek this information from Microsoft and it should be compelled to produce it. *See In re Subpoena to Third Party Sentieon, Inc.*, No. 22-mc-80281-VKD, 2022 U.S. Dist. LEXIS 220216 (N.D. Cal. Dec. 6, 2022) (compelling compliance with subpoena for deposition and to produce documents where information sought not obtainable from party to underlying patent infringement case).

## C.    Any Remaining Objections by Microsoft Are Baseless

Microsoft has raised no credible barrier to production that would justify denying Bel Power's motion. Microsoft has not said that it does not have the documents initially requested and in fact has not even yet engaged in a good faith effort to determine if it does despite the Subpoena being served over two months ago.

On the day this motion was required to be filed, Microsoft articulated for the first time a purported burden argument. Bel Power is dubious of the suggestion that Microsoft cannot search purchasing databases for a vendor like MPS or for the MPS product families. In any event, Microsoft made no alternative proposal for a scope that would be acceptable. Nonetheless, Bel Power in a final effort to avoid court intervention, further narrowed its request to three MPS product families. Bel Power submits that it has gone far beyond its obligation to compromise and Microsoft should be compelled to produce the narrowed documents requested.

BEL POWER SOLUTIONS INC.'S MOTION TO COMPEL
COMPLIANCE WITH THIRD-PARTY SUBPOENA - 11
No.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

**D.** **Microsoft Has Failed To Properly Oppose The Requested Deposition Testimony**

Microsoft's response to the Subpoena did not provide specific objections or otherwise substantively address the topics on which Bel Power seeks deposition testimony. The only statement related to deposition testimony was: "Microsoft requests a meet and confer to discuss the scope and necessity of the testimony." Ferenc Decl., Ex. E at 1. If the "scope and necessity" of the requested deposition testimony was objectionable, it was incumbent upon Microsoft to move to quash the deposition subpoena pursuant to Rule 45(d)(3) or move for a protective order pursuant to Rule 26(c). *Int'l Game Tech. v. Ill. Nat'l Ins. Co.*, No. 2:16-cv-02792-APG-NJK, 2017 U.S. Dist. LEXIS 227932, *6-7 (D. Nev. Oct. 31, 2017) ("a non-party objecting to a deposition subpoena must file a motion to quash"); 9 Moore's Federal Practice – Civil § 45.30 (proper method to oppose deposition subpoena is by motion to quash or for protective order). Microsoft has done neither, despite being served with the subpoena over two months ago. As such, Microsoft should be deemed to have waived any objections and compelled to provide the testimony requested.

## IV.   CONCLUSION

For the foregoing reasons, Bel Power respectfully requests that this Court enter an order compelling Microsoft to produce the narrowed set of documents requested and make a corporate witness available for a three-hour deposition on the specified topics. A proposed order is submitted herewith.

BEL POWER SOLUTIONS INC.'S MOTION TO COMPEL
COMPLIANCE WITH THIRD-PARTY SUBPOENA - 12
No.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

DATED: January 27, 2023.

SAVITT BRUCE & WILLEY LLP


By    s/Michele L. Stephen
       s/Jacob P. Freeman
Michele L. Stephen, WSBA #39458
Jacob P Freeman, WSBA #54123
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
Telephone: 206.749.0500
Facsimile:  206.749.0600
Email:  mstephen@sbwLLP.com
Email:  jfreeman@sbwLLP.com

Attorneys for Plaintiff Bel Power Solutions Inc.

BEL POWER SOLUTIONS INC.'S MOTION TO COMPEL
COMPLIANCE WITH THIRD-PARTY SUBPOENA - 13
No.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500