The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

BEL POWER SOLUTIONS INC.,

    Plaintiff,

v.

MONOLITHIC POWER SYSTEMS, INC.,

    Defendant.

NO.    2:23-mc-00008-JCC

**BEL POWER SOLUTIONS INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA**

NOTE ON MOTION CALENDAR:
February 17, 2023

## I.    INTRODUCTION

The documents Bel Power seeks are unequivocally relevant and material to its lawsuit, unavailable from MPS, and unique to Microsoft or not reasonably available from public sources. This same discovery has been produced by multiple other MPS customers like Microsoft, which productions confirmed the belief that those customer products incorporate the MPS Accused Products. There is more than reasonable belief Microsoft's do too and it identifies no exigent circumstances suggesting it cannot produce this same discovery.

Microsoft asserts the discovery is not relevant based on an exceptionally narrow view of the standard and incorrect factual assertions. There is no question of relevance here. As indicated above, Microsoft's assertion that it is not the appropriate party from which to seek the documents likewise fails.  Finally, Microsoft's burden objection fails in the face of Bel Power's

BEL POWER SOLUTIONS INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH THIRD-
PARTY SUBPOENA  - 1
No. 2:23-mc-00008-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

significantly narrowed proposal, developed precisely to address its stated concerns; and because, regardless, its burden objection is conclusory and lacks the requisite support.

As to the requested deposition, having failed to narrow the scope via negotiations or cross motion, Microsoft has waived any scope objections.

Bel Power's motion should be granted and Microsoft compelled to provide discovery as set forth in the Amended Proposed Order filed herewith.

## II. ARGUMENT

### A. Bel Power Has Established The Relevance Of The Discovery Requested.

"Relevant information is 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Larson Motors Inc. v. Gen. Motors LLC*, 2023 U.S. Dist. LEXIS 10225, at *21 (W.D. Wash. Jan. 20, 2023) (Coughenour, J.) (citation omitted).

Bel Power alleges that MPS induces customers (like Microsoft) to incorporate certain infringing MPS products (the "Accused Products") into customer products that are ultimately imported into the United States. Supplemental Declaration of Christopher Ferenc ("Supp. Ferenc Decl."), ¶ 2. Based on review of emails produced by MPS regarding its "design wins" for the Accused Products and its customers, Bel Power had a good-faith belief that Microsoft (among others) had incorporated one or more Accused Products into their products that were imported into the United States. *Id.*, ¶¶ 2-4; 6; Dkt. 2, Ex. 1 at 3. These beliefs have been confirmed by **multiple other MPS end customers (also subpoenaed) producing information on their products imported into the United States incorporating MPS Accused Products**. Supp. Ferenc Decl., ¶ 6. Thus, the information sought is unquestionably relevant and Bel Power has established more than "a reasonable suspicion" that Microsoft products incorporate the MPS chips at issue. *Compare MP Nexlevel of Cal., Inc. v. CVIN, LLC*, 2016 U.S. Dist. LEXIS 48621, *12-13 (E.D. Cal. Apr. 11, 2016) (*see* Opp., 4:4-11) (discovery denied where no "evidence supporting a reasonable suspicion" that an impropriety existed).

BEL POWER SOLUTIONS INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA - 2
No. 2:23-mc-00008-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

The Xbox webpage demonstrates that Microsoft incorporates MPS products, including a product that shares the same, or substantially the same, functionality of one of the accused products in the Infringement Contentions. *Compare* Dkt. 9, Ex. 3 referencing MP2926 with Ex. 1 at 4 (chart showing MP2926 analogous to several products in subpoena and contentions). As explained below, Bel Power has significantly narrowed its request to only three product families out of the 17-plus originally identified, and each of the three are an Accused Product in the contentions. Suppl. Ferenc Decl., ¶ 3; Dkt. 9, Ex. 4 at 3. Bel Power could have retained products listed on the Xbox webpage within the scope but instead chose to narrow.

Importantly, **Microsoft has not said that it never purchased any of the MPS chips at issue or that its products do not incorporate them**.

Microsoft also misconstrues the July 26 discovery order. It did not circumscribe the scope of discovery and was not the only direction from the court that the type of discovery sought should be obtained from third parties like Microsoft. Suppl. Ferenc Decl., ¶ 5. The applicable relevance standard is Rule 26 and Bel Power's requests are well within the bounds of permissible discovery.

Finally, the requests are not improper interrogatories as Microsoft suggests. They plainly seek documents or electronically stored information as per Rule 45; not information existing independently of the documents.

**B.    Microsoft Is The Appropriate And Necessary Source For These Documents.**

Microsoft asserts that the information sought has been or should be obtained from MPS and/or publicly-available sources. Opp. 6:24-25; 8:6-11. However, the "mere availability" of documents from another source, such as a party to the action or public source, does not preclude nonparty compliance with a subpoena if the serving party "can show that it is more expeditious to obtain documents from a witness." *CSX Transp., Inc. v. ABC&D Recycling, Inc.*, 2016 U.S. Dist. LEXIS 21922, at *9 (D. Mass. Feb. 23, 2016) (quotations and citation omitted).

Here, the discovery sought is neither duplicative nor available from MPS or any other source. Suppl Ferenc Decl., ¶¶ 2-7. Bel Power pursued as much of the discovery being sought

BEL POWER SOLUTIONS INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA - 3
No. 2:23-mc-00008-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

from Microsoft as possible from MPS. *Id.* Further, some of the discovery sought is unique to Microsoft: *e.g.*, only it knows the number of Microsoft products imported into the United States incorporating an Accused Product. *Id*. And it is undoubtedly "more expeditious" for Bel Power to obtain documents about Microsoft products that incorporate Accused Products from Microsoft, rather than attempt to purchase every Microsoft product produced since 2015 (assuming it even could) and dismantle it as Microsoft suggests. Opp., 8:9-11; 10:19-22.

**C.    Bel Power Narrowed Its Request And Addressed Microsoft's Concerns; Microsoft Fails To Substantiate Its Burden Objection.**

In furtherance of its "fishing expedition" mantra, Microsoft mischaracterizes Bel Power's proposals made during the parties' discussions. *E.g.*, Opp., 8-9 and f.n. 5. The record is clear that Bel Power attempted to find common ground and avoid motion practice. Dkt. 9, Ex. 1; 2.

Those efforts continued *after* filing this motion. On February 1, 2023—having not heard from Microsoft regarding the last proposal—Bel Power sought to continue discussions. *Id.*, Ex. 2 at pp. 1-3. Following a teleconference, it made two more proposals to facilitate receiving documents sooner than would be possible via Court action.[1] *Id.* at 1-3. Those directly addressed three issues Microsoft raised:

- Addressed Microsoft's scope concerns and input on how its documents are organized by including product version limiters (*see* February 3 proposal (*id.* at 2) and February 7 proposal (*id.* at 1));

- Addressed Microsoft's concern about needing to review bills of materials by substituting with a request to simply produce the bills of materials (*id.* at 2, No. 2 of Proposal). This relieved Microsoft of the task and placed it on Bel Power.

- Accepted Microsoft's position that it does not have documents showing number of products sold and/or imported based on whether they include MPS products, and revised the request to seek less refined but readily available sales data on the Microsoft products at issue. *Id.* at 2.

---

[1] Although Bel Power's post-motion proposals were not intended to limit the relief sought by the instant motion, Bel Power revises its requested relief as per its last post-motion proposal. *See* Amended Proposed Order.

BEL POWER SOLUTIONS INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA  - 4
No. 2:23-mc-00008-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

The effort was futile. Microsoft did not accept nor even provide a response until the day its opposition was due (nearly a week later).

With respect to alleged burden, Microsoft fails to establish that responding to Bel Power's discovery poses an undue burden. To determine whether a subpoena imposes an undue burden, courts consider "the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed." *Russell v. Zoellin*, No. C18-0827-JCC, 2019 U.S. Dist. LEXIS 76108, at *3 (W.D. Wash. May 6, 2019) (quotations and citation omitted). "Undue burden" is not to be construed differently for a nonparty that has been subpoenaed. *Mount Hope Church v. Bash Back*!, 705 F.3d 418, 429 (9th Cir. 2012)). "Furthermore, just because complying with a discovery request will involve expense or may be time consuming, does not make it unduly burdensome." *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 528-29 (D. Nev. 1997).

Bel Power has established the need for and significantly narrowed the discovery requested, which seeks documents for the time period proscribed by the court in the Texas Litigation. Dkt. 2, ¶ 7. To establish the requests are nonetheless unduly burdensome, Microsoft "must allege specific facts which indicate the nature and extent of the burden[.]" *Halsey v. Croskrey*, No. 2:20-cv-00371-SMJ, 2021 U.S. Dist. LEXIS 248529, at *10 (E.D. Wash. Oct. 4, 2021) (quotations and citations omitted)); *Briggs v. Am. Laser Ctrs. of Vancouver, LLC*, No. C07-5065 RBL, 2007 U.S. Dist. LEXIS 52226, at *8 (W.D. Wash. July 19, 2007) (no undue burden where defendant failed "to provide any specificity or concrete examples").

Microsoft's burden objection fails for at least two reasons. First, as explained above, Bel Power's last proposal addressed the very points Microsoft raises via Mr. Gogerty's declaration. *Compare* bullet points on p. 4 with Dkt. 8, ¶¶ 4-6. Microsoft acknowledges that offer (Opp., 9 at f.n. 5) but fails to explain to why that proposal would pose an undue burden, let alone substantiate any such explanation.

Second, and regardless, Microsoft's burden objection is conclusory in nature and lacks the requisite support to sustain it. *See, e.g., Rinehart v. Life Ins. Co. of N. Am.*, No. C08-05486-

BEL POWER SOLUTIONS INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA  - 5
No. 2:23-mc-00008-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

RBL, 2009 U.S. Dist. LEXIS 76670, at *4 (W.D. Wash. July 27, 2009) (granting motion to compel where defendant "provide[d] no particular or specific facts in support of its conclusory contention that responding to the requests would be unduly burdensome"); *CSX Transp.*, 2016 U.S. Dist. LEXIS 21922, at *8 ("mere assertion[s]" of burden insufficient; showing of "the manner and extent of the burden and the injurious consequences of insisting on compliance" required). While Microsoft offers how its documents are "typically" organized and how it would "typically" need to conduct a search, it fails to provide the type of detail (*i.e.*, specific facts indicating the nature and extent of the burden) that enables the Court to determine whether the purported burden is, in fact, undue. For example, Microsoft uses the phrase "burdensome" but does not provide details on the resources that would need to be expended to search for the information requested (*i.e.*, the number of employees and hours it would take, volume of material at issue, etc.). Rather, Microsoft speaks in generalities about its documents and products: how things are "typically" or "frequently" or "might be."  Dkt. 8, ¶¶ 4-5.

Moreover, Microsoft acknowledged during conferrals that it had not made any effort to actually search for the requested documents (*see* Dkt. 3, ¶ 4), and does not dispute or otherwise address that fact in opposition. Nor does it indicate any level of due diligence has been undertaken to inform the extent of the burden to support the assertion that it is "undue," or explain why it could not do such. Microsoft's unsupported assertion that the discovery sought is unduly burdensome should be rejected and the discovery ordered.

**D.** **Microsoft Concedes To A Deposition And Has Waived Any Scope Argument.**

Microsoft misrepresents that Bel Power did not raise the deposition until after it filed its Motion. Opp., 12:21-22. On January 6, 2023, Bel Power unilaterally limited the deposition to three hours; it reiterated that request on January 25, again on January 27, 2023, and included it in its proposed order. Byer, Ex. 1 at 6; Ex. 2 at 7, 4; Dkt. 1-1.

Microsoft, in essence, ignored the deposition subpoena. *See* Byer, Ex. 1; Ex. 2. Its opposition likewise fails to substantively oppose it via a cross motion to quash or for protective order. Rather, Microsoft appears to concede a deposition is appropriate after it produces

BEL POWER SOLUTIONS INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA  - 6
No. 2:23-mc-00008-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

documents; although, it suggests the deposition scope remains to be determined through conferrals amongst the parties. Opp. 12:23-24. Having failed to make any effort to negotiate or avail itself of the procedures to oppose the requested scope, and having forced Bel Power to move to compel the requested deposition, Bel Power submits that the Microsoft has waived any scope objection and should be ordered to provide testimony as requested.

DATED: February 17, 2023.

SAVITT BRUCE & WILLEY LLP


By    *s/Michele L. Stephen*
        *s/Jacob P. Freeman*
      Michele L. Stephen, WSBA #39458
      Jacob P Freeman, WSBA #54123
      1425 Fourth Avenue Suite 800
      Seattle, Washington  98101-2272
      Telephone: 206.749.0500
      Facsimile:  206.749.0600
      Email:  mstephen@sbwLLP.com
      Email:  jfreeman@sbwLLP.com

Attorneys for Plaintiff Bel Power Solutions Inc

I certify that this memorandum contains 2,012 words, in compliance with Local Civil Rules.

BEL POWER SOLUTIONS INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA  - 7
No. 2:23-mc-00008-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

## <u>CERTIFICATE OF SERVICE</u>

I hereby declare under penalty of perjury under the laws of the United States of America that on this date, the foregoing document was filed electronically with the Court and thus served simultaneously upon all counsel of record.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on February 17, 2023.

_____
Rondi A. Greer

CERTIFICATE OF SERVICE
No. 2:23-mc-00008-JCC

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500