THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEL POWER SOLUTIONS, INC, <br><br> Plaintiff, <br><br> v. <br><br> MONOLITHIC POWER SYSTEMS, INC., <br><br> Defendant. | CASE NO. MC23-0008-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff's motion to compel discovery from third-party, Microsoft Corporation ("Microsoft") (Dkt. No. 1). Having thoroughly considered the briefing and the relevant record, and finding oral argument unnecessary, the Court DENIES the motion for the reasons explained herein.

Plaintiff's production request arises from a patent infringement case in the Western District of Texas where Plaintiff sued Monolithic Power Systems, Inc. ("MPS"). Plaintiff alleged MPS committed "acts of direct, induced, and contributory infringement" by seeking "design wins," which are "decisions made by an end user to incorporate products into end customer devices…in order to drive revenue through sales of the incorporated MPS products to end customers." (Dkt. No. 1 at 3–4.) Plaintiff sought discovery from MPS regarding its foreign sales data, but the court denied that request on the grounds that Plaintiff did not make a sufficient showing that it would be entitled to damages based on MPS's foreign sales. (Dkt. No. 2-C at 5.)

However, the court noted that importation of products containing the infringed product into the U.S. may give rise to damages, therefore, Plaintiff "**may** seek discovery from these third parties who import these products." (*Id*.) (emphasis added). Plaintiff argues that Microsoft is one such end user. (Dkt. No. 1 at 4.) Plaintiff served a Rule 45 subpoena on Microsoft seeking documentation and information related to MPS product families that Plaintiff contends are MPS Infringing Products. (Dkt. No. 2-E.) Microsoft refused to produce any documentation, stating that Plaintiff has not identified "any Microsoft products by name or explain[ed] how they [are] relevant." (Dkt. No. 7 at 2.) Additionally, Microsoft claims that Plaintiff's requests are interrogatories masked as document requests. (*Id.* at 5.) This action followed.

   Rule 45 permits a party to seek production of documents from a third-party. Fed R. Civ. P. 45(a)(1)(A). The scope of third-party discovery is governed by Rule 26 and includes "any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Although discovery rules are broad, they do not condone fishing expeditions: "District courts enjoy broad discretion to determine relevancy for discovery purposes and to limit discovery to prevent its abuse." *Emara v. Multicare Health Sys.*, 2012 WL 5205950, slip op. at 3 (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). Courts recognize that "discovery must be limited to protect non-parties from harassment or inconvenience." *Anstead v. Virginia Mason Medical Center*, 2023 WL 34505, slip op. at 5 (W.D. Wash. 2023). Even if the information sought may be relevant to the party's claim or defense, discovery is not warranted if not supported by evidence. *MP Nexlevel, of California, Inc. v. CVIN, LLC*, 2016 WL 1408459, slip op. at 4 (E.D. Cal. 2016). Notably, Rule 45 does not allow for interrogatories to third parties. *See Turner v. Ralkey,* 2021 WL 135855, slip op. at 3 (W.D. Wash. 2021). This includes interrogatories disguised as a request for production. *See Duong v. Groundhog Enters., Inc.,* 2020 WL 2041939, slip op. at 8 (C.D. Cal. 2020).

   Plaintiff has failed to provide sufficient evidence to elicit discovery from Microsoft. As a threshold issue, Plaintiff grossly overstates the "authority" that the Texas court granted it to seek

discovery from third parties. (Dkt. No. 1 at 4.) Plaintiff alleges the "court in the Texas Litigation **instructed** Bel Power to seek this information from the third party end customers that incorporate the infringing MPS products into devices bound for the United States." (*Id.*) (emphasis added). However, the court merely stated that "Plaintiff **may** seek discovery from these third parties who import these products." (Dkt. No. 2-C at 5.) Plaintiff is seeking documentation from Microsoft for both domestic and foreign product purchases, (Dkt. No. 1 at 6–7), but the court's order only mentioned foreign imports (relevant domestic sales data was already provided to Plaintiff by MPS). (Dkt. No. 2-C at 5.) Accordingly, Plaintiff's subpoena is an improper attempt to mischaracterize the previous court's order.

Moreover, Plaintiff has provided no support for its contention that Microsoft is an end user of the specific microchips that the subpoena identifies. (Dkt. No. 7 at 6.) While Plaintiff alleges that the "Xbox series [is] a prime example of a Microsoft product that incorporates the MPS products at issue and is imported, sold, and offered for sale in the United States," the chips that Plaintiff identifies are not included in its infringement contentions nor its subpoena to Microsoft.[1] (*Id.* at 6.) Lastly, Plaintiff relies on the notion that "Microsoft has not said that it never purchased any of the MPS chips at issue or that its products do not incorporate them." (Dkt. No. 10 at 3.) But this assertion resembles "an interrogatory 'masquerading' as a document request." *Dockery v. Heretick*, 2021 WL 268497, slip op. at 9 (E.D. Pa. 2021). It also ignores the fact that not all MPS products are at issue—only those incorporating imported or infringed products. (Dkt. No. 7 at 6.) Because Plaintiff fails to establish the relevancy of this overbroad request, which amounts to little more than a "fishing expedition." *See MP Nexlevel*, 2016 WL 1408459, at 4.

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Compel.

---

[1] Plaintiff also alleges it is "aware" of two other Microsoft brands—Surface and Azure—that incorporate the chips at issue, but again provides no support for its contentions. (Dkt. No. 7 at 8–11.)

DATED this 8th day of March 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE